## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK RICCIO, on behalf of himself and all others similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| RAGAN & RAGAN, P.C.; VELOCITY INVESTMENTS, LLC;  and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, FRANK RICCIO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants: RAGAN & RAGAN, P.C. ("RAGAN"); VELOCITY INVESTMENTS, LLC (" VELOCITY"); and JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person residing in Ocean County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      RAGAN is a law firm with offices located at, 3100 Route 138 West, Brinley Plaza, Building One, Wall, New Jersey 07719.

8.      Upon information and belief, RAGAN uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      RAGAN is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     VELOCITY is New Jersey limited liability Company, with offices located at 1800 Route 34N, Suite 305, Wall, New Jersey 07719.

11.     Upon information and belief, VELOCITY uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.     VELOCITY is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## AGENCY ALLEGATIONS

14.     Plaintiff is informed and believes and thereon alleges that all times herein mentioned each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendant.

15.     There is common ownership between RAGAN and VELOCITY.

16.     Walter P. Ragan, Jr., is a member of VELOCITY.

17.     Walter P. Ragan, Jr., is a member of RAGAN.

18.     Walter P. Ragan, Sr., is a member of VELOCITY.

19.     Walter P. Ragan, Sr., is a member of RAGAN.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

21.     This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent emails, letters and/or notices from RAGAN between August 20, 2019 and August

20, 2020, concerning a debt owed to VELOCITY, which included the alleged conduct and practices described herein.

and/or

All New Jersey consumers whose VELOCITY delinquent accounts were placed and/or assigned to RAGAN for the purpose of collection, after VELOCITY knew or should have known that said consumer was represented by an attorney and/or was instructed to stop communications with said consumer, prior to placing and/or assigning said account with RAGAN, and where RAGAN communicated with said consumer.

The class definition may be subsequently modified or refined.

The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.      Whether the Defendants violated various provisions of the FDCPA.

    b.      Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small

claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.     On or before March 19, 2015, Plaintiff incurred a financial obligation to LENDING CLUB ("LENDING").

16.     The LENDING obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     The LENDING obligation did not arise out of a transaction that was for business purposes. obligation did not arise out of a transaction that was for business purposes.

18.     The LENDING obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.     LENDING is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.     On or before June 2, 2015, the LENDING account was assigned and/or sold to VELOCITY.

21.     VELOCITY paid less than $1,000.00 for the assignment and/or purchase of Plaintiff's LENDING obligation.

22.     At the time the LENDING account was assigned and/or sold to VELOCITY, said account was past due.

23.     At the time the LENDING account was assigned and/or sold to VELOCITY, said account was in default.

24.     VELOCITY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25.     VELOCITY caused to be delivered at letter dated June 2, 2015, which was addressed to Plaintiff, attempting to collect the LENDING obligation. A copy of said letter annexed hereto as <u>Exhibit A</u>.

26.     Upon receipt, Plaintiff read the June 2, 2015 letter.

27.     The June 2, 2015 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28.     On June 9, 2015, Plaintiff through his attorney disputed the debt in writing. A copy of said letter annexed hereto as <u>Exhibit B</u>.

29.     The June 9, 2015 written disputed stated in part:

<u>Via Facsimile (732) 556-0365 and First Class Mail</u>

Velocity Investments, LLC
1800 Route 34 North, Suite 404A
Wall, New Jersey 07719

To Whom It May Concern:

This firm has been retained to represent the interest of Frank Riccio, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. Riccio. Furthermore, Mr. Riccio hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact him on his mobile telephone, whether by calling, texting or emailing or to any facsimile device.

30.    On or before July 27, 2020, VELOCITY retained RAGAN for the purpose collecting the LENDING debt.

31.    At the time VELOCITY retained RAGAN for the purpose of collecting the LENDING debt, said debt was past due.

32.    At the time VELOCITY retained RAGAN for the purpose of collecting the LENDING debt, said debt was in default.

33.    At the time VELOCITY retained RAGAN for the purpose of collecting the LENDING debt, it knew that Plaintiff was represent by an attorney.

34.    At the time VELOCITY retained RAGAN for the purpose of collecting the LENDING debt, it knew or should have known that Plaintiff was represent by an attorney

35.    RAGAN is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

36.    W. Peter Ragan, Jr., Esq., has an email of: wprjr@raganlaw.com.

37.    Plaintiff has an email of: fsriccio1@aol.com.

38.    On July 27, 2020, W. Peter Ragan, Jr., Esq., sent an email directly to Plaintiff at fsriccio1@aol.com, which stated in part:

> On Monday, July 27, 2020, W Peter Ragan Jr <wprjr@raganlaw.com> wrote:
>
> Hello:
>
> As you should be aware we have been retained by Velocity Investments, LLC for the collection of a debt. I have previously sent you a demand letter in this matter. If you would like to receive any additional information or a copy of the supporting documentation please don't hesitate to contact me so that we can immediately provide you with whatever documents that you need.
>
> At the same time, I wanted to reach out to you to determine if you are interested in possibly settling or entering into a pay plan. If you are interested in settling or resolving in a pay plan please don't hesitate to contact myself or this office by telephone 732-280-4100 at extension 125 or 128 or by email pay@raganlaw.com. We will do our best to attempt to resolve this matter.
>
> Check us out online:
> www.njevict.com www.raganlaw.com

39.     The July 27, 2020 email is a "communication" as defined by 15 U.S.C. § 1692a(2). A copy of said email is annexed hereto as Exhibit C.

40.     Upon receipt of the July 27, 2020 email, Plaintiff read said email from RAGAN.

41.     Upon information and belief, W. Peter Ragan, Jr., Esq., is a member of VELOCITY.

42.     At the time RAGAN sent the July 27, 2020 email to Plaintiff, Defendants knew that Plaintiff was represented by an attorney with respect to the LENDING debt.

43.     At the time RAGAN sent the July 27, 2020 email to Plaintiff, Defendants knew or should have known that Plaintiff was represented by an attorney with respect to the LENDING debt.

44.     At the time RAGAN sent the July 27, 2020 email to Plaintiff, RAGAN could have readily ascertained that Plaintiff was represented by an attorney.

45.     Upon reading the July 27, 2020, Plaintiff responded as follows:

> **From:** Frank Riccio <fsriccio1@aol.com>
> **Sent:** Monday, July 27, 2020 8:23 AM
> **To:** wprjr@raganlaw.com
> **Subject:** [External] Re: Velocity Investments, LLC
>
> Not aware of any debt , or have I previously received any letter .
>
> If this is a spam email , please remove me from your list

A copy of said response is annexed hereto as Exhibit D.

46.     Upon receipt of Plaintiff's response, RAGAN replied as follows:

On Monday, July 27, 2020, W Peter Ragan Jr <wprjr@raganlaw.com> wrote:

> My client Velocity Investments, LLC has purchased your LendingClub loan (####7272) which has an outstanding balance in the amount of $8,353.22. I have attached a copy of our demand letter and supporting documents. Kindly confirm your address.
>
> Your bankruptcy has appeared to have been dismissed so this debt remains due and owing.

W. Peter Ragan, Jr., Esq.
**Ragan & Ragan, pc**
3100 Route 138 West, Wall, New Jersey 07719
Tel: 732.280.4100 x113 / Fax: 732.612.1161
*Civil ☐ Commercial Litigation Since 1974*

A copy of said reply is annexed hereto as <u>Exhibit E</u>.

47.    Attached to RAGAN's reply email was letter addressed  Plaintiff and dated July

27, 2020.  A copy of said letter is annexed hereto as <u>Exhibit F</u>.

48.    The July 27, 2020 second email from RAGAN to Plaintiff is a "communication"

as defined by 15 U.S.C. § 1692a(2).

49.    Upon receipt of the July 27, 2020 letter, Plaintiff read said letter:

50.    The July 27, 2020 letter stated in paet:

**RAGAN & RAGAN**
W. PETER RAGAN A PROFESSIONAL CORPORATION
W. PETER RAGAN, JR. * COUNSELLORS AT LAW

July 27, 2020

FRANK RICCIO
BRIDGEWATER NJ 08807

Re:    Original Creditor: LendingClub Corporation
Original Creditor Acct. No.: ****7272
Debtor: FRANK RICCIO /
Amount Due: $8,353.22
Our File No.: XXXX6640
Dear Sir or Madam:

This is to advise you that we have been retained by Velocity Investments LLC for the collection of this debt. Our client has purchased the debt which was previously owed to the original creditor set forth above.

Unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. Upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

If you would like to discuss this matter with one of our representatives, please call (888) 484-4544 then dial option 8. Be sure to refer our file number 19006640 to ensure that your account is properly handled. Payments can be made through our website www.raganlaw.com. We accept Visa, MasterCard, Discover, and bank account direct debit. If you want to make a payment arrangement please call this office or email <u>pay@raganlaw.com</u>.

Very truly yours,
W. Peter Ragan, Jr., Esq.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

51.    The July 27, 2020 second email from RAGAN to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

52.    The July 27, 2020 letter from RAGAN to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

53.    Upon receipt, Plaintiff read the July 27, 2020 letter from RAGAN.

54.    On August 5, 2020, the undersigned attorney send a letter via facsimile and First Class mail to RAGAM.  A copy of said letter is annexed hereto as <u>Exhibit G</u>.

55.    The August 5, 2020 to RAGAN states in part:

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f.  (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f.  (973) 244-0019

# Jones, Wolf & Kapasi
## LLC
### ATTORNEYS AT LAW

Joseph K. Jones, Esq.[††]
Benjamin J. Wolf, Esq.[††]
Anand A. Kapasi, Esq.[†]
Paul Gottlieb, Of Counsel

[††]Admitted NY, NJ, CT
[†]Admitted NY, NJ

www.legaljones.com

*Reply to:  New York*

August 5, 2020

<u>Via Facsimile (732) 280-4112 and First Class Mail</u>

Ragan & Ragan
3100 Route 138 West
Brinley Plaza, Building One
Wall, NJ 07719

Re:    Frank Riccio
Ragan & Ragan File No.: XXX6640

To Whom It May Concern:

This firm has been retained to represent the interest of Frank Riccio, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. Riccio.  Furthermore, Mr. Riccio hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact him on his mobile telephone, whether by calling, texting or emailing or to any facsimile device.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of a portion of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our <u>New York</u> office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Ragan & Ragan, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

JONES, WOLF & KAPASI, LLC

*/s/ Joseph K. Jones*          
Joseph K. Jones, Esq.
jkj@legaljones.com

56.      On August 20, 2020, W. Peter J. Ragan., Jr., Esq., sent an email directly to Plaintiff. A copy of said email is annexed hereto as <u>Exhibit H</u>.

57.      The August 20, 2020 email stated in part:

On Thursday, August 20, 2020, W Peter Ragan Jr <wprjr@raganlaw.com> wrote:

Let me know if you want to resolve.

My client Velocity Investments, LLC has purchased your LendingClub loan (####7272) which has an outstanding balance in the amount of $8,353.22. I previously attached a copy of our demand letter and supporting documents. Kindly confirm your address.

W. Peter Ragan, Jr., Esq.
**Ragan & Ragan, pc**
3100 Route 138 West, Wall, New Jersey 07719
Tel: 732.280.4100 x113 / Fax: 732.612.1161
*Civil ☐ Commercial Litigation Since 1974*

58.      The August 20, 2020 email from RAGAN to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2)

59.      At the time RAGAN sent the August 20, 2020 email directly to Plaintiff, RAGAN knew that Plaintiff was represented by an attorney.

60.     At the time RAGAN sent the August 20, 2020 email directly to Plaintiff, RAGAN knew or should have known that Plaintiff was represented by an attorney.

61.     RAGAN did not provide to Plaintiff verification in writing that the amount of the demand is the amount claimed by the original creditor.

62.     RAGAN did not provide to the undersigned attorney verification in writing that the amount of the demand is the amount claimed by the original creditor.

63.     RAGAN did not provide to Plaintiff a confirmation in writing that the amount being demanded is the amount the creditor is claiming is owed.

64.     RAGAN did not provide to the undersigned attorney a confirmation in writing that the amount demanded is the amount the creditor is claiming is owed.

65.     VELOCITY could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

66.     RAGAN could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

67.     It is Defendants' policies and practice to send written collection communications, in the form annexed hereto, which violate the FDCPA, by *inter alia*:

(a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)     Sending communications to consumers after being informed that said consumers were represented by an attorney;

(c)     Sending communications to consumers after being informed by said consumers to *cease and desist* all direct communication; and

(d)    Communicating with consumers prior to providing written verification that the amount of the demand is amount is the amount the creditor claimed is owed.

68.    On information and belief, Defendants sent written communications in the form annexed hereto, to at least 40 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

69.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

70.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

71.    15 U.S.C. §1692c(a)(2) provides:

**(a)  Communication with the consumer generally**

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer

72.    Defendants violated 15 U.S.C. §1692c(a)(2) by authorizing and sending an email on or about July 27, 2020 directly to Plaintiff, in connection with the collection of the LENDING debt, when Defendants knew that Plaintiff was represented by counsel.

73.    Defendants violated 15 U.S.C. §1692c(a)(2) by authorizing and sending an email on or about July 27, 2020 directly to Plaintiff, in connection with the collection of the LENDING

debt, when Defendants could have readily ascertained that Plaintiff's attorney's name and address.

74. Defendants violated 15 U.S.C. §1692c(a)(2) by authorizing and sending a second email on or about July 27, 2020 directly to Plaintiff, in connection with the collection of the LENDING debt, when Defendants knew that Plaintiff was represented by counsel.

75. Defendants violated 15 U.S.C. §1692c(a)(2) by authorizing and sending a second email on or about July 27, 2020 directly to Plaintiff, in connection with the collection of the LENDING debt, when Defendants could have readily ascertained that Plaintiff's attorney's name and address.

76. Defendants violated 15 U.S.C. §1692c(a)(2) by authorizing and sending a second email on August 20, 2020 directly to Plaintiff, in connection with the collection of the LENDING debt, when Defendants knew that Plaintiff was represented by counsel.

77. Defendants violated 15 U.S.C. §1692c(a)(2) by authorizing and sending a email on August 20, 2020 directly to Plaintiff, in connection with the collection of the LENDING debt, after RAGAN received written notice (via facsimile and First Class mail) of attorney's representation of Plaintiff.

78. 15 U.S.C. §1692c(c) provides:

**c) Ceasing communication**

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.

79. Defendants violated 15 U.S.C. §1692c(c) by authorizing and sending an email on or about July 27, 2020 directly to Plaintiff, in connection with the collection of the LENDING

debt, after being instructed in writing on or about June 9, 2015, to *cease and desist* all direct communications with Plaintiff.

80.    Defendants violated 15 U.S.C. §1692c(c) by authorizing and sending a second email on or about July 27, 2020 directly to Plaintiff, in connection with the collection of the LENDING debt, after being instructed in writing on or about June 9, 2015, to *cease and desist* all direct communications with Plaintiff.

81.    Defendants violated 15 U.S.C. §1692c(c) by authorizing and sending an email on August 20, 2020 directly to Plaintiff, in connection with the collection of the LENDING debt, after being instructed in writing on or about August 5, 2020, to *cease and desist* all direct communications with Plaintiff.

82.    15 U.S.C. §1692g(b) provides in part:

> **(b)  Disputed debts**
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification…

83.    Defendants violated 15 U.S.C. §1692g(b) by authorizing and sending an email on August 20, 2020, after receiving a written dispute of the debt, directly to Plaintiff in an attempt to collect said debt, without providing verification of the debt.

84.    Defendants violated 15 U.S.C. §1692g(b) by sending an email on August 20, 2020, after receiving a written dispute of the debt, directly to Plaintiff in an attempt to collect said debt, without providing Plaintiff with verification in writing that the amount of the demand is the amount claimed by the original creditor.

85.    Defendants violated 15 U.S.C. §1692g(b) by sending an email on August 20, 2020, after receiving a written dispute of the debt, directly to Plaintiff in an attempt to collect

said debt, without providing Plaintiff's attorney with verification in writing that the amount of the demand is the amount claimed by the original creditor.

86.     Defendants violated 15 U.S.C. §1692g(b) by sending an email on August 20, 2020, after receiving a written dispute of the debt, directly to Plaintiff in an attempt to collect said debt, without providing Plaintiff with a confirmation in writing that the amount being demanded is the amount the creditor is claiming is owed.

87.     Defendants violated 15 U.S.C. §1692g(b) by sending an email on August 20, 2020, after receiving a written dispute of the debt, directly to Plaintiff in an attempt to collect said debt, without providing Plaintiff's attorney with a confirmation in writing that the amount being demanded is the amount the creditor is claiming is owed.

88.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

89.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using  false, deceptive and misleading representations and means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

90.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff.

91.     15 U.S.C. §1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

92.     Defendants violated 15 U.S.C. §1692e(10) by authorizing and sending an email on or about July 27, 2020 directly to Plaintiff, in connection with the collection of the LENDING

debt, after being instructed in writing on or about June 9, 2015, to *cease and desist* all direct communications with Plaintiff.

93.     Defendants violated 15 U.S.C. §1692e(10) by authorizing and sending a second email on or about July 27, 2020 directly to Plaintiff, in connection with the collection of the LENDING debt, after being instructed in writing on or about June 9, 2015, to *cease and desist* all direct communications with Plaintiff.

94.     Defendants violated 15 U.S.C. §1692e(10) by authorizing and sending an email on August 20, 2020 directly to Plaintiff, in connection with the collection of the LENDING debt, after being instructed in writing on or about August 5, 2020, to *cease and desist* all direct communications with Plaintiff.

95.     Defendants violated 15 U.S.C. §1692e(10) by authorizing and sending an email on August 20, 2020, after receiving a written dispute of the debt, directly to Plaintiff in an attempt to collect said debt, without providing verification of the debt.

96.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

97.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

98.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

99.     Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

100.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

101.    Plaintiff has suffered damages and other harm as a direct result of Defendants'

actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class

Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court

may deem just and proper.


Dated: August 22, 2020


_s/ Joseph K. Jones_
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

*s/ Joseph K. Jones*_____

Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to

my own knowledge and based upon information available to me at my office, the matter in

controversy is not the subject of any other action now pending in any court or in any arbitration

or administrative proceeding.

Dated: August 22, 2020

*s/ Joseph K. Jones*_____

Joseph K. Jones, Esq.

# Exhibit

# A

**VELOCITY ⊃**

STATEMENT OF ACCOUNT - June 2, 2015

| Original Acct. No. | Original Creditor | Current Creditor | Today's Current Balance |
|---|---|---|---|
| ▇7272 | LendingClub Corporation | Velocity Investments, LLC | $8,353.22 |

FRANK RICCIO,



---

### INTRODUCTORY MESSAGE FROM VELOCITY

Velocity Investments, LLC has purchased the account you originally owed to LendingClub Corporation under account number 12657272. This does not mean that these monies are no longer due and owing but that the monies that were originally owed to LendingClub Corporation under the account number set forth above should be paid to Velocity Investments, LLC.

We invite you to contact our office to discuss this matter further.

If you have any questions about this letter or the above referenced account please contact Velocity at 1-800-558-4027 or support@velocityrecoveries.com. Our general office hours are 9-5 / M-F. Our mailing address is **PO BOX 788, Wall, New Jersey 07719** and our physical address is 1800 Route 34 North, Suite 404A, Wall, NJ 07719.

---

### PAYMENT INFORMATION
Please return your payment with a copy of this statement setting forth the amount enclosed to ensure prompt and accurate credit.

Checks should be made payable to: **Velocity Investments, LLC**

Payments should be sent to: **1800 Route 34 North, Suite 404A, Wall, New Jersey 07719**

Payments should set forth your **Velocity Account No.:** ▇▇▇▇▇

Payments may also be made online at **www.payvi.com**

---

### DISCLOSURES / PLEASE READ

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. UNLESS YOU, THE CONSUMER, DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF WITHIN THIRTY (30) DAYS AFTER THE RECEIPT OF THIS NOTICE, THIS OFFICE WILL ASSUME THAT THE DEBT IS VALID. IF YOU NOTIFY US IN WRITING WITHIN THIS THIRTY (30) DAY PERIOD THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT WILL BE PROVIDED TO YOU. FURTHER, UPON WRITTEN REQUEST WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

**VELOCITY ⊃**

We are required to provide the following information under state law. This is not a complete list of your rights by state. If you do not reside in one of these states, you may still have the same or similar rights under federal or state law. These rights do not alter, amend or shorten the rights given on the front of the letter.

California Residents: The sate Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm our location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-Help or www.ftc.gov.

Colorado Residents: For information about the Colorado Fair Debt Collection Practices Act, see www.ago.state.co.us/CADC/CADCmain.cfm. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. You may also make payments in person to our in-state office as indicated below: Colorado Manager, Inc., 80 Garden Center, Suite 3, Broomfield, CO 80020, Phone: 303-920-4763

Massachusetts Residents: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debtor.

Minnesota Residents: This collection agency is licensed by the Minnesota Department of Commerce.

New Mexico:     (for past statute debt only). We are required by New Mexico Attorney General Rule to notify you of the following information. This information is not legal advice: This debt may be too old for you to be sued on it in court. If it is too old, you can't be required to pay it through a lawsuit. You can renew the debt and start the time for the filing of a lawsuit against you to collect the debt if you do any of the following: make a payment of the debt; sign a paper in which you admit that you owe the debt or in which you make a new promise to pay; sign a paper in which you give up ("waive") your right to stop the debt collector from suing you in court to collect the debt.

Tennessee Residents: This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

Utah Residents: As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. We will not submit a negative credit report to a credit reporting agency about the credit obligation until the expiration of the time period described on the front of this letter.

New York City  Department of Consumer Affairs License No. 1199638

North Carolina Permit No. 103657

Wisconsin: This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.

# Exhibit

# B

*Law Offices of*

# Joseph K. Jones, *LLC*

Attorney at Law

375 Passaic Avenue
Suite 100
Fairfield, New Jersey 07004
973-227-5900
facsimile 973-244-0019

Joseph K. Jones, Esq.
jkj@legaljones.com

<u>Admitted to Practice</u>
New York
New Jersey
United States District Court, Eastern District of New York
United States District Court, Southern District of New York
United States District Court, New Jersey
Connecticut

555 Fifth Avenue
17th Floor
New York, NY 10017
646-459-7971
facsimile 646-459-7973

Benjamin J. Wolf, Esq.
bwolf@legaljones.com

*Reply to: New York*

June 9, 2015

<u>Via Facsimile (732) 556-0365 and First Class Mail</u>

Velocity Investments, LLC
1800 Route 34 North, Suite 404A
Wall, New Jersey 07719

        Re:    Frank Riccio
             Account No.:  ████3421

To Whom It May Concern:

       This firm has been retained to represent the interest of Frank Riccio, relative to the above-referenced matter.

       Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. Riccio. Furthermore, Mr. Riccio hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact him on his mobile telephone, whether by calling, texting or emailing or to any facsimile device.

       As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our <u>New York</u> office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Velocity Investments, LLC, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

       Your anticipated cooperation in this matter is appreciated.

                    Very truly yours,
                    Law Offices of Joseph K. Jones, LLC

                    */s/ Joseph K. Jones*
                    Joseph K. Jones
                    Attorney at Law

JKJ: kk
cc:      FrankRiccio

# Exhibit

# C



On Monday, July 27, 2020, W Peter Ragan Jr <wprjr@raganlaw.com> wrote:

Hello:

As you should be aware we have been retained by Velocity Investments, LLC for the collection of a debt. I have previously sent you a demand letter in this matter. If you would like to receive any additional information or a copy of the supporting documentation please don't hesitate to contact me so that we can immediately provide you with whatever documents that you need.

At the same time, I wanted to reach out to you to determine if you are interested in possibly settling or entering into a pay plan. If you are interested in settling or resolving in a pay plan please don't hesitate to contact myself or this office by telephone 732-280-4100 at extension 125 or 128 or by email pay@raganlaw.com. We will doour best to attempt to resolve this matter.

Check us out online:

www.njevict.com      www.raganlaw.com

# Exhibit

# D

**From:** Frank Riccio <fsriccio1@aol.com>
**Sent:** Monday, July 27, 2020 8:23 AM
**To:** wprjr@raganlaw.com
**Subject:** [External] Re: Velocity Investments, LLC

Not aware of any debt , or have I previously received any letter .

If this is a spam email , please remove me from your list

Sent from AOL Mobile Mail
Get the new AOL app: mail.mobile.aol.com

Exhibit

E



On Monday, July 27, 2020, W Peter Ragan Jr <wprjr@raganlaw.com> wrote:

My client Velocity Investments, LLC has purchased your LendingClub loan (####7272) which has an outstanding balance in the amount of $8,353.22.  I have attached a copy of our demand letter and supporting documents.  Kindly confirm your address.

Your bankruptcy has appeared to have been dismissed so this debt remains due and owing.

W. Peter Ragan, Jr., Esq.

# Ragan & Ragan, pc

3100 Route 138 West, Wall, New Jersey  07719

Tel: 732.280.4100 x113 / Fax: 732.612.1161

*Civil ♣ Commercial Litigation Since 1974*

Check us out online:  www.njevict.com     www.raganlaw.com

You can easily schedule time with me at  https://calendly.com/wprjr/15min

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO

COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Exhibit

F

# RAGAN & RAGAN

W. PETER RAGAN
W. PETER RAGAN, JR. *
ROY D. "CHIP" REAGIN, JR. ~
ANDRES GUTIERREZ de COS+^
GEORGE D. HARWOOD+#
JUDY S. NAM ~

\* NJ & NY Bars
\# VT Bar
^ DE Bar
~ GA Bar
+ Of Counsel

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
3100 ROUTE 138 WEST
BRINLEY PLAZA, BUILDING ONE
WALL, NJ 07719

TELEPHONE: (732) 280-4100
TOLL FREE (888) 484-4544
FACSIMILE: (732) 280-4112

Web: www.raganlaw.com
Email: service@raganlaw.com

July 27, 2020

FRANK RICCIO

███████████████

Re:    Original Creditor: LendingClub Corporation
       Original Creditor Acct. No.: ****7272
       Debtor: FRANK RICCIO /
       Amount Due: $8,353.22
       <u>Our File No.:</u> ██████6640

Dear Sir or Madam:

This is to advise you that we have been retained by Velocity Investments LLC for the collection of this debt. Our client has purchased the debt which was previously owed to the original creditor set forth above.

Unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. Upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

If you would like to discuss this matter with one of our representatives, please call (888) 484-4544 then dial option 8. Be sure to refer our file number 19006640 to ensure that your account is properly handled. Payments can be made through our website www.raganlaw.com. We accept Visa, MasterCard, Discover, and bank account direct debit. If you want to make a payment arrangement please call this office or email pay@raganlaw.com.

Very truly yours,

*W. Peter Ragan, Jr.*

W. Peter Ragan, Jr., Esq.
WPRJR/INI
D500V - 01/11

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Exhibit

G

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f. (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019

# Jones, Wolf & Kapasi
## LLC
**ATTORNEYS AT LAW**

Joseph K. Jones, Esq.[††]
Benjamin J. Wolf, Esq.[††]
Anand A. Kapasi, Esq.[†]
Paul Gottlieb, Of Counsel

[††]Admitted NY, NJ, CT
[†]Admitted NY, NJ

www.legaljones.com

*Reply to: New York*

August 5, 2020

<u>Via Facsimile (732) 280-4112 and First Class Mail</u>

Ragan & Ragan
3100 Route 138 West
Brinley Plaza, Building One
Wall, NJ 07719

Re:    Frank Riccio
       Ragan & Ragan File No.: ██6640

To Whom It May Concern:

This firm has been retained to represent the interest of Frank Riccio, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. Riccio. Furthermore, Mr. Riccio hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact him on his mobile telephone, whether by calling, texting or emailing or to any facsimile device.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of a portion of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our <u>New York</u> office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Ragan & Ragan, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

JONES, WOLF & KAPASI, LLC

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.
jkj@legaljones.com

# Exhibit

# H



On Thursday, August 20, 2020, W Peter Ragan Jr <wprjr@raganlaw.com> wrote:


Let me know if you want to resolve.


My client Velocity Investments, LLC has purchased your LendingClub loan (####7272) which has an outstanding balance in the amount of $8,353.22.  I previously  attached a copy of our demand letter and supporting documents.  Kindly confirm your address.


W. Peter Ragan, Jr., Esq.

# Ragan & Ragan, pc

3100 Route 138 West, Wall, New Jersey  07719

Tel: 732.280.4100 x113 / Fax: 732.612.1161

*Civil ☘ Commercial Litigation Since 1974*


Check us out online:  **www.njevict.com**       **www.raganlaw.com**


THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO

COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.